IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 03–cv–02439–EWN–PAC

GRANT ROGERS,

    Plaintiff,

v.

MORGAN STANLEY & COMPANY, INCORPORATED;
BRUCE KRAFT; and
GILBERT "BILLY" HARRISON, Individually,

    Defendants.

---

**ORDER AND MEMORANDUM OF DECISION**

---

    This matter is before the court on Plaintiff's Motion to Stay Pending Appeal. On August 25, 2004, I issued an order and memorandum of decision denying Defendants' motion to compel arbitration. (Order and Mem. of Decision [filed August 25, 2004].) I determined that Plaintiff "is not contractually required to arbitrate this case." (*Id.* at 14.) On September 23, 2004, Defendants filed a notice of appeal of the August 25, 2004 order. (Notice of Appeal [filed Sept. 23, 2004].)

    On December 3, 2004, Defendants filed a "Motion For Stay Pending Appeal." (Mot. For Stay Pending Appeal [filed Dec. 3, 2004].) Defendants argue that "[f]urther proceedings in the district court must be stayed pending the conclusion of the appeal." (*Id.* at 2.) On December 23, 2004, Plaintiff filed a response in opposition to Defendants' motion to stay. (Pl.'s Resp. to

-1-

Defs.' Mot. For Stay Pending Appeal, and, In the Alternative, Plaintiff's Request for Bond [filed Dec. 23, 2004].) Defendants did not file a reply brief.

The Federal Arbitration Act grants a party the right to file an interlocutory appeal from the denial of a motion to compel arbitration. 9 U.S.C. § 16(a)(1)(C). The statute does not specifically address whether a motion to stay proceedings during a section 16(a) appeal should be granted. Recently, the Tenth Circuit, in granting a motion for stay pending an appeal from the denial of a motion to compel arbitration, determined that "upon the filing of a non-frivolous [section] 16(a) appeal, the district court is divested of jurisdiction until the appeal is resolved on the merits." *McCauley v. Halliburton Energy Servs., Inc.*, 413 F.3d 1158, 1160–62 (10th Cir. 2005) (citing *Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249, 1251–52 [11th Cir. 2004]; *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 [7th Cir. 1997]). The district court may frustrate the divestiture rule by "taking the affirmative step, after a hearing, of certifying the [section] 16(a) appeal as frivolous or forfeited." *Id.* at 1162. Here, Plaintiff failed to argue that Defendants' appeal was either frivolous or forfeited. Consequently, the district court was divested of jurisdiction by Defendants' filing of its notice of appeal. Accordingly, Defendants' motion for stay pending appeal is granted.

Based on the foregoing it is therefore

ORDERED that the motion for stay pending appeal is GRANTED.

Dated this 28th day of September, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge